No. 3544.

(Court of Appeal, Parish of Orleans.)

CHARLES W. STURKEN vs. REILEY, TAYLOR & CO., LTD.

Appeal from Civil District Court, Division "E."

Dart and Kernan, for Plaintiff and Appellee.

Wm. A. Collins, for Defendant and Appellant.

1. Where the Clerk's certificate declares that the transcript contains all the evidence adduced upon the trial, and yet no testimony or evidence is found in the record to support the Judgment, the same must be reversed and one of non-suit entered, or else the cause be remanded.

2. Such certificate protects the appellant not shown to be in default, even though there be no evidence in the record, and obviates necessity on his part to have asked for a statement of facts.

3. If the Clerk's certificate was incorrect, the appellees might have protected themselves by taking steps for its correction.

DUFOUR, J. This cause came before us with a Clerk's certificate which recites that "the record filed herewith is the original record and includes all the pleadings, evidence and documents in said cause * * * and true copies of all minute entries in said record, and a detailed list of all the pleadings, evidence and documents in the order of the filing thereof."

The record before us contains no note of evidence nor evidence, neither do the minute entries show that any was ever filed.

In a case similar to this, 52 An. 707, the Supreme Court reversed the jurisprudence on the subject and held that where the Clerk's certificate states that the transcript contains all the evidence adduced upon the trial, and no testimony or evidence of any kind is found in the record to sustain the judgment, the same must be reversed and one of non-suit entered, or else the

54

cause be remanded. In the course of the opinion, the Court said:

"If the Clerk's certificate had not contained the declaration that *all the evidence adduced* on the trial of the cause is to be found in the Transcript, then would the Court here affirm the judgment on the presumption that the Court below had rendered the same on proper and sufficient evidence. If the certificate of the Clerk was incorrect in the particular mentioned, it was the business of the appellees for their own protection, to have taken steps for its correction."

The Clerk's certificates protects the appellant, even though there be no evidence in the record (39 An. 1110) when said appellant is not shown to be in default; and it obviates the necessity of having asked for a statement of facts.

Judgment reversed, and cause remanded for further proceedings according to law, appellees to pay costs of appeal.